1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIAM A. QUINN,

          Plaintiff,

    v.

CENTERPLATE; BON APPETIT,

          Defendants.

Case No. 14-cv-01254 NC

**ORDER DENYING PLAINTIFF'S REQUEST FOR REASSIGNMENT TO DISTRICT COURT JUDGE AND GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. Nos. 14, 17, 24

    Defendants move to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(e) for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement. For the reasons set forth below, the Court GRANTS the motions under Rule 12(b)(6) and DISMISSES the complaint WITH LEAVE TO AMEND. The motions for relief under Rule 12(e) are DENIED AS MOOT.

## I. BACKGROUND

    Pro se plaintiff William Quinn initiated this case by filing a form complaint for employment discrimination against defendants Bon Appetit and Centerplate. Dkt. No. 1. Quinn complains of the following acts by defendants: (1) failure to employ him; (2) termination of his employment; (3) "hostile workplace"; (4) "aggravated assaults"; (5) "threats"; (6) "false references"; (7) "stole seniority"; and (8) "back pay wages." *Id.* By checking all the boxes on the form, Quinn further claims that defendants' conduct is

1   discriminatory with respect to his (1) race or color; (2) religion; (3) sex; and (4) national

2   origin. *Id.* As facts supporting his claim for discrimination, Quinn alleges "retaliation[;]

3   reverse racism - white male[;] no foundation whatsoever for termination[;] false and bogus

4   police report[;] falsely accused of bringing armed weapon on work property[;] unlawfully

5   refused access to property when employed[;] false [sic] detained[;] constant harassment."

6   *Id.* Quinn further alleges that the discrimination occurred "since 2008 onward" and that he

7   filed 25 reports to the Equal Employment Opportunity Commission ("EEOC") regarding

8   the alleged discriminatory conduct. *Id.*

9       On April 1, 2014, the Court granted Quinn's application to proceed in forma pauperis

10   under 28 U.S.C. § 1915(a). Dkt. No. 6. On April 25, 2014, Quinn filed a handwritten

11   submission, titled "Process all parties involved serve them all papers to appear." Dkt. No.

12   8. The submission adds "SF Giants" as defendants in the caption, and lists 30 names on the

13   first page without further explanation. *Id.* at 1. In this submission, Quinn alleges that SF

14   Giants, Centerplate, and Bon Appetit "place on me assaults[,] misconduct[,] false witness[.]

15   . . . In my 15 years of work not one discipline or customer complaint[.] I complained about

16   hostile work environment force [sic] to take two 10 Absence and was then not allowed on

17   property and my employment was terminated unlawfully on Feb[.] 12[,] 2014." *Id.* Quinn

18   further alleges that he seeks compensation for slander in that "they give me false references

19   to employment prospect saying I'm dangerous etc[.]" *Id.* Quinn alleges that Bob Appetit

20   management and SF Giants security show photographs of him "at shift meeting before work

21   begin" and mention that he is armed and dangerous, his weight can change dramatically,

22   and that he has been known to dress as a woman. *Id.* Quinn claims that he wrote "100's of

23   letters" to SF Giants security, Centerplate HR, and Bon Appetit management about alleged

24   hostile work environment that began in 2008, and that from 2000 until 2008 Quinn was a

25   well-regarded and respected employee. *Id.*

26       Bon Appetit and Centerplate each filed a motion to dismiss the complaint for failure

27   to state a claim, or in the alternative, for a more definite statement. Dkt. Nos. 14, 17. After

28   the motions were filed, Quinn filed two submissions consisting each of a page of

handwritten notes.  The first submission, titled "Motion to Proceed[;] Motion to subpena [sic] EEOC documents," contains a list of names without an explanation for the purpose of providing that list.  Dkt. No. 21.  The second submission states "Motion to void ridiculous motion by SF Giants/Centerplate/Bon Appetit to dismiss case on June 25, 2014[;] motion to request dismissal [of] Judge and have case move to a District Judge because current Judge is bias [sic] favors SF Giants."  Dkt. No. 24.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Quinn alleges employment discrimination under Title VII of the Civil Rights Act of 1964.  *See* Dkt. No. 1 ¶ 3; 42 U.S.C. § 2000e–5.  All parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).  Dkt. Nos. 5, 19, 23.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).  The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In dismissing for failure to state a claim leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Furthermore, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."  *Bernhardt v. L.A.*

1 *Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

2      Additionally, under 28 U.S.C. § 1915(a), "any court of the United States may

3 authorize the commencement . . . of any suit . . . without prepayment of fees or security

4 therefor, by a person who submits an affidavit that includes a statement . . . that the person

5 is unable to pay such fees or give security therefor."  A district court must dismiss the

6 complaint of an IFP applicant if it determines that the complaint is (1) "frivolous or

7 malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks

8 monetary relief against a defendant who is immune from such relief."  28 U.S.C.

9 § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27; *see also Cato v. United States*, 70 F.3d 1103,

10 1106 (9th Cir. 1995) (if a court dismisses an in forma pauperis complaint by a pro se

11 litigant, the court must give leave to amend and some notice of the deficiencies of the

12 complaint, unless it is absolutely clear that the deficiencies could not be cured by

13 amendment).

## III. DISCUSSION

### A.    Quinn's Request for Reassignment to a District Court Judge Is Denied.

16      Before turning to defendants' motions, the Court will address Quinn's requests for

17 reassignment to a District Court Judge in the form of (1) a statement alleging bias by the

18 undersigned Magistrate Judge, Dkt. No. 24; and (2) a form purporting to decline the

19 jurisdiction of the Magistrate Judge after previously consenting to such jurisdiction, Dkt.

20 Nos. 5, 28.

### 1.    There Is No Basis for Disqualification of the Magistrate Judge.

22      A judge "shall disqualify himself in any proceeding in which his impartiality might

23 reasonably be questioned."  28 U.S.C. § 455(a).  The test for disqualification is an objective

24 one: "whether a reasonable person with knowledge of all the facts would conclude that the

25 judge's impartiality might reasonably be questioned."  *United States v. Nelson*, 718 F.2d

26 315, 321 (9th Cir. 1983).  For example, a judge "shall" disqualify himself "[w]here he has a

27 personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1).

28      Additionally, when a party "makes and files a timely and sufficient affidavit that the

judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Section 144 requires that the affidavit state "the facts and the reasons for the belief that bias or prejudice exists," and be accompanied by a certificate of counsel of record stating that it is made in good faith. *Id.* "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

"The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and . . . [c]onsequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Here, Quinn has failed to provide any facts or reasons for his belief that the undersigned Magistrate Judge is biased against Quinn or that the undersigned "favors SF Giants." Dkt. No. 24. The undersigned finds that Quinn's allegation of bias is legally insufficient under 28 U.S.C. § 144, and, therefore, the undersigned may proceed further in this case. Additionally, the undersigned finds that a reasonable person with knowledge of all the facts would not conclude that the undersigned's impartiality might reasonably be questioned, and that disqualification is thus not warranted under 28 U.S.C. § 455. Accordingly, Quinn's request for reassignment to a District Court Judge on the basis of alleged bias by the undersigned Magistrate Judge is DENIED.

## 2.    Quinn May Not Withdraw His Consent to Magistrate Jurisdiction.

On March 24, 2014, Quinn filed a form indicating his consent to the jurisdiction of a Magistrate Judge. Dkt. No. 5. On June 13, 2014, he filed another form, which is unsigned, purporting to withdraw his consent to jurisdiction. Dkt. No. 28.

There is no absolute right to withdraw consent once granted under 28 U.S.C. § 636(c). *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Instead, consent can be withdrawn only for good cause or extraordinary circumstances shown. *Id.* In ruling on a

motion to withdraw consent, courts consider factors including timeliness, whether granting the motion would unduly interfere with or delay the proceedings, the burdens and costs to litigants, and whether consent was voluntary and uncoerced.  *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993).  Here, Quinn's attempted withdrawal of consent is not accompanied by any explanation of the grounds for withdrawal.  To the extent Quinn bases the withdrawal on his allegation of bias, the Court finds that the allegation has no merit for the reasons discussed earlier in this order.  There is no indication in the record that Quinn's consent was coerced.  Furthermore, the withdrawal of consent would unduly delay the resolution of defendants' pending motions which are ripe for decision.  The Court finds that there is no good cause or extraordinary circumstances justifying the withdrawal of consent.  Therefore, Quinn's request to withdraw his consent to proceed before a magistrate judge is DENIED.

**B.  The Complaint Is Dismissed with Leave to Amend.**

**1.  Failure to State a Claim**

As an initial matter, the Court construes Quinn's April 25 filing, Dkt. No. 8, as intending to supplement the complaint with additional allegations and to add SF Giants as a defendant.  Even considering those additional allegations as part of the complaint, however, Quinn has failed to state a claim for relief under Title VII.

Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1), provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  Civil liability for employment discrimination under Title VII is limited to employers and, thus, does not impose personal liability on agents or employees of the employer.  *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

In order to assert a valid Title VII claim for employment discrimination, a plaintiff must make out a prima facie case establishing that the challenged employment action was

1    either intentionally discriminatory or that it had a discriminatory effect on the basis of

2    plaintiff's protected class. *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1108-

3    09 (9th Cir. 2006). A plaintiff may prove intentional discrimination by providing direct

4    evidence of discriminatory intent, or based on circumstantial evidence showing that plaintiff

5    (1) belongs to a protected class; (2) was performing according to the employer's legitimate

6    expectations; (3) suffered an adverse employment action; and (4) other employees with

7    qualifications similar to plaintiff's were treated more favorably. *See McDonnell Douglas*

8    *Corp. v. Green*, 411 U.S. 792, 802 (1973); *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217,

9    1220 (9th Cir. 1998).

10    Additionally, to state a hostile work environment claim under Title VII plaintiff must

11    allege that (1) he was subjected to verbal or physical conduct because of his protected class,

12    (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to

13    alter the conditions of his employment and create an abusive work environment. *See*

14    *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (racial harassment); *Rene v.*

15    *MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (sexual harassment).

16    Title VII also prohibits retaliation against an employee for opposing any practice

17    made unlawful under the Title or for participating in any proceedings under the statute.

18    42 U.S.C. § 2000e–3(a). To state a retaliation claim, a plaintiff must allege that:

19    (1) plaintiff engaged in a protected activity; (2) plaintiff suffered an adverse employment

20    action; and (3) a causal link exists between the protected activity and the adverse action.

21    *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

22    At the motion to dismiss stage, Quinn need not support his allegations with evidence,

23    but his complaint must allege sufficient facts to state the elements of a claim for relief that

24    is plausible on its face. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122

25    (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 569); *see also Williams v. Boeing Co.*, 517

26    F.3d 1120, 1130 (9th Cir. 2008) ("Even though heightened pleading is not required in

27    discrimination cases, the complaint must still 'give the defendant fair notice of what the

28    plaintiff's claim is and the grounds upon which it rests.'" (quoting *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 512 (2002))).

Here, the complaint does not give defendants fair notice of the claims brought against them. While Quinn claims he was subjected to conduct including "threats," "aggravated assaults," "reverse racism," "harassment," and "retaliation," he does not specify who committed the allegedly unlawful acts. The complaint does not make clear which claims are asserted against which defendant. Quinn further fails to allege an employment relationship between him and each defendant, or the factual basis on which each defendant is being sued. Additionally, while Quinn appears to claim that he belongs to all of the protected classes under Title VII, the only facts alleged in the complaint suggest that he is a "white male," and there are no factual allegations regarding his religion or national origin. Moreover, there is nothing in the complaint to give rise to a plausible inference that Quinn was intentionally terminated, or suffered any other adverse employment action, because of being a "white male," or because of his national origin or religion. Quinn also fails to allege the nature of the alleged harassment or any factual basis to plausibly infer that such harassment was because he belongs to a protected class. The vague and conclusory allegations in the complaint also do not give rise to a plausible inference that the alleged harassing conduct was sufficiently severe or pervasive to alter the conditions of Quinn's employment and create an abusive work environment. Finally, Quinn has failed to allege a sufficient factual basis to infer that a causal link exists between his complaints of harassment and his termination, or other adverse employment action.

Accordingly, Quinn has failed to plead a plausible claim under Title VII, and defendants' motions to dismiss are GRANTED on this basis WITH LEAVE TO AMEND.[1]

//

---

[1] Both defendants refer in their motions to facts relating to Quinn's employment or defendants' business operations presented by them by way of declarations. A court normally may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010); *see also* Fed. R. Evid. 201(b). Here, defendants have not explained why it would be appropriate for the Court to consider materials outside of the pleadings. Accordingly, the Court does not rely on those materials in ruling on the pending motions.

### 2.    Remaining Arguments

Defendants also argue that Quinn's claims must be dismissed for failure to exhaust his administrative remedies by presenting his complaint to the EEOC before bringing a lawsuit in federal court.  Defendants, however, do not cite any authority for the proposition that plaintiff must plead facts relating to exhaustion in his complaint.

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (citing 42 U.S.C. § 2000e–16(c)).  Although "the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim," the Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Id.* at 708 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).[2]  The district court has jurisdiction over any charges of discrimination that are "like or reasonably related" to the allegations in the EEOC charge, or that fall within the "EEOC investigation which can reasonably be expected to grow out the charge of discrimination." *Id.*  However, the exhaustion requirement "is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393; *see also Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.'").

Here, it is not obvious from the face of the complaint that Quinn has failed to exhaust his administrative remedies and that no waiver, estoppel, or equitable tolling apply. Defendants have not moved under Federal Rule of Civil Procedure 12(b)(1) (lack of

---

[2] In a recent decision, the Ninth Circuit overruled *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) concerning the proper procedural device to raise the failure to exhaust non-judicial remedies that are *not* jurisdictional.  *Albino v. Baca*, 747 F.3d 1162, 1166-68 (9th Cir. 2014).  The court in *Albino* held that exhaustion of such remedies should be raised either through (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare occasion that failure to exhaust is clear on the face of the complaint; or (2) a motion for summary judgment.  *Id.*  While the court observed that its ruling extended to exhaustion in other contexts beyond the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), that was at issue in *Albino*, it did not address exhaustion under Title VII.

Case No. 14-cv-01254 NC
ORDER DISMISSING COMPLAINT                    9
WITH LEAVE TO AMEND

subject-matter jurisdiction) or for summary judgment to allow the Court to consider affidavits or any other evidence in resolving this issue. *See Sommatino*, 255 F.3d at 707-11; *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Based on defendants' current challenge to the pleadings, the Court cannot determine whether Quinn has failed to exhaust his administrative remedies.

Bon Appetit also asserts that "[p]erhaps the most glaring deficiency in the operative complaint is the identification of when the alleged unlawful acts occurred" as this "is necessary to review whether the statute of limitations elapsed." Dkt. No. 14 at 12. However, Quinn has alleged that the discrimination occurred "since 2008 onward," Dkt. No. 1, and that his employment was terminated in February 2014, Dkt. No. 8 at 1. Moreover, the statute of limitations is an affirmative defense that a plaintiff has no obligation to plead around in his or her complaint. *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993); *In re MyFord Touch Consumer Litig.*, No. 13-cv-3072 EMC, 2014 WL 2451291, at *11 (N.D. Cal. May 30, 2014).

Finally, Centerplate argues that "there are and were at all relevant times valid collective-bargaining agreements in place between Centerplate and the union representing Quinn and his claims are effectively a claim for breach of the CBA." Dkt. No. 17 at 2. Centerplate contends that Quinn's claims are preempted by § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and should be treated as claims under § 301. However, the complaint here does not refer to a collective bargaining agreement between Quinn and defendants. Defendants' motions to dismiss do not allow the Court to make the factual findings necessary to resolve this issue.

## IV. CONCLUSION

1.     Quinn's request for reassignment to a District Court Judge is DENIED.

2.     Defendants' motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) are GRANTED WITH LEAVE TO AMEND.

Any amended complaint must be filed no later than July 14, 2014. If Quinn fails to file an amended complaint by the July 14 deadline, or if he files an amended complaint

1  which does not remedy the deficiencies identified in this order, the case will be dismissed
2  with prejudice.

3      If Quinn decides to amend his complaint, he must do so in accordance with the
4  pleading rules from the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a)
5  (complaint must contain "a short and plain statement of the grounds for the court's
6  jurisdiction" and a "short and plain statement of the claim showing that the pleader is
7  entitled to relief"); 10(b) (requiring a party to state its claims in numbered paragraphs, each
8  limited as far as practicable to a single set of circumstances).

9      For additional guidance, Quinn may refer to the Court's Pro Se Handbook, available
10 at http://www.cand.uscourts.gov/prosehandbook on the Court's website, or contact the
11 Legal Help Center, which provides information and limited-scope legal advice to pro se
12 litigants in civil cases.  The Legal Help Center requires an appointment, which can be made
13 by calling (415) 782-8982.

14     3.     In light of the Court's granting of defendants' motions to dismiss, defendants'
15 alternative request for a more definite statement under Federal Rule of Civil Procedure
16 12(e) is DENIED AS MOOT.

17     IT IS SO ORDERED.

18     Date: June 23, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-01254 NC
ORDER DISMISSING COMPLAINT        11
WITH LEAVE TO AMEND